IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-260-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| FRANTONIO LEE BRUNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Fuquay-Varina Police Department. Defendant presented the testimony of the proposed third-party custodian, his sister. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 5 November 2014 with possession of a firearm by a felon on 10 May 2014 in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The evidence presented at the hearing showed that the charges arise from a stop of the car defendant was driving (without any passengers) on the alleged offense date for an equipment violation. Defendant exited his car and walked toward the car of the officer who had stopped

him. Defendant refused the officer's instructions to return to his car, but eventually dropped to his knees and put his hands up. When the officer approached defendant, defendant ran. Defendant reached into his waistband and made a throwing motion. He was apprehended after a brief foot chase.

Defendant stated that there was marijuana in his car and the officer smelled the strong odor of marijuana emanating from his car. In the ensuing search of the car, the officer located the firearm subject to the indictment—a loaded handgun—in the center console, along with about five grams of marijuana and baggies. Over $3,300 in currency was located on defendant's person. Defendant subsequently admitted that he had possessed the handgun and he did not want the officer to find it. Defendant had previously been convicted of offenses punishable by a term of imprisonment exceeding 12 months. When defendant was arrested on the instant federal charges he was in possession of $1,200 in currency, although he stated he had been unemployed.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the loaded status of the gun, its location in the car with illicit drugs, defendant's flight from the arresting officer, his commission of the alleged offense while on probation, and the potential prison term defendant faces if convicted; defendant's extensive criminal record (particularly for a person of his age, 31 years), including 17 felony convictions (among them 1 for possession of a firearm by a convicted felon, another for shooting into an occupied property, and multiple drug convictions), over 20 misdemeanor convictions, 4 probation revocations (including for absconding), commission of multiple

offenses while on probation, and at least 5 failures to appear; the danger of continued gun-related offense conduct by defendant if released; defendant's apparent marijuana habit; the unsuitability of the proposed third-party custodial arrangement due to the regular absence of the proposed custodian from the home for fulltime work, the presence of 2 minor children living in the home, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the support of family and friends, but finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 3rd day of December 2014.

James E. Gates
United States Magistrate Judge